### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Criminal Action No.** |
| : | **7:03-CR-22-3 (HL)** |
| **DIANNE L. DYSON,** : | |
| : | |
| **Defendant.** : | |

### ORDER

Before the Court is Defendant Dyson's Motion for Downward Departure (Doc. 117), which requests that the Court remove all enhancements and upward departures. Defendant asserts the Court can, pursuant to 18 U.S.C. §§ 3553(a) and 3582(c), modify her sentence. While § 3553(a) only concerns the factors a court must consider when imposing a sentence, § 3582(c) specifies the limited instances where a court can modify a sentence after it has been imposed. Section 3582(c) only allows a court to modify a term of imprisonment once imposed in three limited circumstances: (1) upon motion of the Director of the Bureau of Prisons, (2) to the extent otherwise expressly permitted by statute or Rule 35, and (3) in cases where the defendant was sentenced based on a sentencing range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1), (2) (2000).

The Court clearly cannot proceed under the first example as the motion be fore the Court was not filed by the Director of the Bureau of Prisons. Concerning the second option, Defendant presents no evidence of, and the Court is not aware of, any statue that expressly permits the Court to modify her sentence. Likewise, the Court cannot proceed under either provision of

Rule 35 because the current motion was not filed within seven days of sentencing, and Defendant, rather than the government, is requesting the modification. See FED. R. CRIM. P. 35(a), (b). Thus, the Court could only proceed under the third option, and only if Defendant's sentence was based on a sentencing range that has been subsequently lowered.

Here, Defendant was sentenced, pursuant to United States Sentencing Guideline 2B1.1, on June 24, 2004. Although section 2B1.1 has been affected by three separate amendments since Defendant was sentenced, none of the amendments lowered the prescribed sentencing range. See U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 665 (2004) (adding a new specific offense characteristic and commentary for offenses involving obtaining electronic mail address through "improper means"), U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 666 (2004) (expanding an enhancement to cover "authentication features"), U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 674 (2004) (adding commentary clarifying "mass-marketing" and addressing the multiple victim rule). Therefore, the Court cannot proceed under the third option.

Having determined the Court cannot modify Defendant's sentence for the reasons set forth above, the Court has no choice but to deny Defendant's motion.

**SO ORDERED**, this the 16th day of September, 2005.

                                              **s/   Hugh Lawson**  
                                              **HUGH LAWSON, Judge**

scs