IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.  : | Criminal Action No. |
| : | 7:03-CR-22 (HL) |
| DIANNE L. DYSON, : | |
| : | |
| Defendant. : | |

## ORDER

Before the Court is a Report and Recommendation (Doc. 176) from United States Magistrate Judge G. Mallon Faircloth that recommends denying Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner has subsequently filed an objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's objection and has made a de novo determination of the portion of the recommendation to which Petitioner objects. For the reasons stated below, the recommendation is accepted and Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

Petitioner Dyson pled guilty, on January 12, 2004, to one count of possession of more than 15 counterfeit access devices in violation of 18 U.S.C. § 1029(c)(1)(A)(i) and 18 U.S.C. § 2. Petitioner was subsequently sentenced to a term of imprisonment of no less than 115 months. After her conviction and sentence were affirmed on appeal, Petitioner

filed the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 that is currently before the Court. Petitioner raises three claims based on her counsel's ineffective assistance : (1) counsel was ineffective for failing to object to Petitioner's sentence being enhanced based on facts not found by a jury; (2) counsel was ineffective for failing to file formal objections to the Presentence Investigation Report; and (3) counsel was ineffective for failing to raise Blakely v. Washington issues.

A habeas petitioner must satisfy a two-part test, established by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668, 686-694, 104 S. Ct. 2025, 2064-2068 (1984), in order to prevail on a claim of ineffective assistance of counsel. The test consists of a reasonableness requirement and a prejudice requirement. Id. First, a petitioner must show that his or her counsel's performance fell below an objective standard of reasonableness. Id. at 688, 104 S.Ct. at 2064. Yet, because courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," a petitioner must essentially overcome the presumption that the counsel's allegedly ineffective actions "might be considered sound trial strategy." Id. at 685, 104 S. Ct. at 2065 (citing Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164 (1955)). Second, to establish the prejudice requirement a petitioner must also show, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. Further, a reasonable probability is a "probability sufficient to undermine

confidence in the outcome." Id.

United States Magistrate Judge G. Mallon Faircloth recommends that Petitioner's Motion be denied because Petitioner has failed to meet her burden. Specifically, with respect to claims one and two, Judge Faircloth determined that Petitioner had not established that she was prejudiced by her counsel's alleged ineffective assistance because she had failed to show that had her counsel objected to either the Presentence Investigation Report or the sentencing court's enhancements that her sentence would have differed. Further, with respect to claim three, Judge Faircloth determined that Petitioner's counsel could not have been ineffective for failing to raise "Blakely issues" because Petitioner was sentenced on the very day Blakely was issued by the Supreme Court. According to Judge Faircloth, "Petitioner's claim that her counsel was ineffective for failing to raise 'Blakely issues,' when in fact counsel could not have known that the Supreme Court would issue its decision in Blakely on the very same day of Petitioner's sentencing, is requiring counsel to be clairvoyant, something the Strickland standard does not require."

Petitioner has filed objections to Judge Faircloth's Recommendation. Petitioner raises one point worthy of discussion. Petitioner notes that the guideline calculations discussed by Judge Faircloth are erroneous. In summarizing the guideline calculations used to determine Petitioner's sentence, Judge Faircloth offers the following:

> At ¶ 34, the PSR determination was made pursuant to U.S.S.G. § 2 B1.1(a)(2) that Petitioner's base offense level was 6. In ¶ 35 the Offense

3

>level was increased by 14 as the loss was more than $400,000 from the intended loss calculation per U.S.S.G. § 2B1.1(b)(1)(H). "The loss amount includes actual loss, the intended loss, and the reasonable foreseeable pecuniary loss." The resulting Guideline sentencing range for a Total Offense Level of 23 and a Criminal History Category of VI was 92 to 115 months, as reported in ¶ 86 of the PSR.

Petitioner argues that an increase of fourteen levels from a base level of six results in a total offense level of twenty, not twenty- three as listed in Judge Faircloth's Recommendation. While the Court agrees that the sum of six and fourteen is in fact twenty, Petitioner fails to consider the additional enhancements and credits she received, which were not specifically listed in Judge Faircloth's Recommendation. According to the Presentence Investigation Report, Petitioner received two additional enhancements: (1) a four-level enhancement in accordance with U.S.S.G. § 2B1.1(b)(2)(B) for the number of victims involved and (2) a two-level enhancement in accordance with U.S.S.G. § 2B1.1(b)(10) for using device making equipment. (Presentence Investigation Report ¶¶ 36, 37.) Petitioner also received a three-level credit for accepting responsibility for the crime. (Presentence Investigation Report ¶¶ 42-43.) Thus, Petitioner's base offense level of six, a fourteen-level enhancement due to the amount of monetary damage caused, a four-level enhancement due to the number of victims involved, a two-level enhancement due to the use of device making equipment, and a three-level credit for accepting responsibility resulted in a total offense level of twenty-three. (Presentence Investigation Report ¶¶ 86.)

Petitioner's remaining arguments are simply restatements of those arguments

asserted in her habeas corpus petition. Nevertheless, the Court has thoroughly reviewed Petitioner's remaining objections and find that they are without merit. Accordingly, United States Magistrate Judge G. Mallon Faircloth's Report and Recommendation is accepted and Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

**SO ORDERED**, this the 13th day of July, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs